# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2020

Lyle W. Cayce
Clerk

No. 18-11139
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-468-10

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Francisco Moreno on appeal has filed a motion to withdraw and a brief citing *Anders v. California*, 386 U.S. 738 (1967). The *Anders* brief is inadequate in several respects, including a failure to discuss the appeal waiver in Moreno's plea agreement and a failure to utilize this court's *Anders* checklist to perform a proper analysis of the plea and sentence. Moreno has not filed a response.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11139

The "fugitive disentitlement doctrine" is an equitable doctrine that "limits a criminal defendant's access to the judicial system whose authority he evades." *Bagwell v. Dretke*, 376 F.3d 408, 410-13 (5th Cir. 2004) (internal citation omitted); *see Ortega-Rodriguez v. United States*, 507 U.S. 234, 240-42 (1993) (noting that Supreme Court "cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive"). Moreno was supposed to surrender to the custody of the Bureau of Prisons on September 18, 2018, but he failed to report to begin his sentence. He has not returned to custody since he became a fugitive, and it is unlikely that he will do so, voluntarily or otherwise, in the foreseeable future. Under these circumstances, dismissal of Moreno's appeal is appropriate. Dismissal of the appeal is further supported by enforceability concerns, serves an important deterrent function, and "advances an interest in efficient, dignified appellate practice." *Ortega-Rodriguez*, 507 U.S. at 242; *see Bagwell*, 376 F.3d at 410-13.

Accordingly, the appeal is DISMISSED, and counsel's motion to withdraw is DENIED as moot.